**Andrew M. ALLAIRE Plaintiff–Appellant,**

v.

**HSBC BANK, USA Defendant–Appellee.**

**No. 03–9291.**

United States Court of Appeals, Second Circuit.

Sept. 27, 2004.

Robert B. Moriarty, Buffalo, NY, Moriarty & Dee, for Plaintiff–Appellant.

James R. Grasso, Buffalo, NY, Phillips Lytle LLP, for Defendant–Appellee.

Present: FEINBERG, MESKILL and B.D. PARKER, JR., Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Andrew Allaire appeals a judgment of the United States District Court for the Western District of New York (Elfvin, *J.)* dismissing his claim of employment discrimination, which was brought pursuant to Title VII of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000e–2(a). Familiarity with the relevant facts, procedural history and issues raised on appeal is presumed.

Andrew Allaire is a white male who began working for HSBC Bank in 1985. He claims that his termination in 1999 was motivated by HSBC's desire to prevent a valued African–American female employee from leaving to accept employment with another bank. HSBC claims that Allaire was terminated due to his poor performance, specifically his failure to properly address and correct important deficiencies in a loan portfolio he supervised and inaccuracies in a self-audit that he performed of the office in Dallas that he had managed. Following discovery, HSBC moved for summary judgment.

The District Court concluded that HSBC was entitled to summary judgment because Allaire did not establish any genuine issue of material fact as to whether race or gender motivated HSBC's decision to terminate him. Crucially, he did not establish beyond conclusory allegations that HSBC knew of the other employee's intended departure prior to its decision to fire Allaire.

On appeal, Allaire, pursuing a dual motive employment discrimination claim, contends that he did establish a reasonable inference of discriminatory intent on the part of the HSBC. Regardless of how his claim is styled, however, to avoid summary judgment Allaire had to establish the existence of genuine issues of material fact as to whether his discharge was motivated by his race or gender. We believe that the District Court properly found that Allaire's evidence "amount[ed] to nothing more than his own conclusory allegations." *Al-*

*laire v. HSBC Bank USA,* 2003 WL 23350119, *5, 2003 U.S. Dist. LEXIS 25081, *18 (W.D.N.Y.2003). Allaire therefore did not create a genuine issue of material fact as to whether HSBC's proffered reasons for his discharge were pretextual.

Accordingly, the judgment of the District Court is affirmed.